UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT CHATTANOOGA

| UNITED STATES OF AMERICA | ) | |
|---|---|---|
| | ) | Case No. 1:22-cr-140 |
| v. | ) | |
| | ) | Judge Curtis L. Collier |
| JACKIE JAY LAY | ) | |

### **M E M O R A N D U M**

Before the Court is Defendant's motion to dismiss the indictment against him (Doc. 2) without prejudice for violation of the Speedy Trial Act. (Doc. 32.) The United States of America (the "Government") has responded. (Doc. 34.) For the reasons below, the Court will **GRANT** Defendant's motion (Doc. 32) and dismiss the indictment (Doc. 2) **WITHOUT PREJUDICE**.

**I.      BACKGROUND**

On December 21, 2022, Defendant was indicted on two counts of making a false and fictitious written statement to a firearms dealer in connection with the acquisition of a firearm in violation of 18 U.S.C. § 922(a)(6). (Doc. 2 at 1–2.) Defendant appeared before the Court for arraignment on January 9, 2023. (Doc. 8.) Defendant was released on bond. (Docs. 8–10.)

Defendant filed motions to continue the deadlines and trial dates on February 28, 2023 (Doc. 13), March 29, 2023 (Doc. 17), June 7, 2023 (Doc. 21), July 26, 2023 (Doc. 23), August 21, 2023 (Doc. 25), and September 20, 2023 (Doc. 27). The Court granted each of the motions to continue in seven or fewer days after filing. (*See* Docs. 14, 18, 22, 24, 26, 28.) On September 26, 2023, the trial date was set for November 6, 2023. (Doc. 28 at 4.)

On October 13, 2023, Defendant filed a motion to dismiss, relying on *New York State Rifle & Pistol Assoc. v. Bruen*, 597 U.S. 1 (2022) to argue that his indictment violates the constitution both facially and as applied. (Doc. 29.) The Government responded on November 3, 2023. (Doc.

30.)  On November 20, 2024, the Court denied Defendant's motion to dismiss and set trial for January 13, 2025.  (Doc. 31.)

Defendant filed the current motion to dismiss on speedy trial grounds on December 11, 2024 (Doc. 32), and the Government responded on January 10, 2025 (Doc. 34).  This matter is now ripe for review.

## II. DISCUSSION

Defendant argues that the indictment against him should be dismissed without prejudice for violating the Speedy Trial Act.  (Doc. 33 at 1–3.)  The Government concedes that a Speedy Trial Act violation has likely occurred, does not oppose dismissal, and agrees with Defendant that the dismissal should be without prejudice.  (Doc. 34 at 1–2.)  Additionally, the Government argues that no Sixth Amendment speedy-trial violation has occurred.  (*Id*. at 2.)

### A.  Speedy Trial Act

The Speedy Trial Act provides as follows:

> In any case in which a plea of not guilty is entered, the trial of a defendant charged in an information or indictment with the commission of an offense shall commence within seventy days from the filing date (and making public) of the information or indictment, or from the date the defendant has appeared before a judicial officer of the court in which such charge is pending, whichever date last occurs.

18 U.S.C. § 3161(c)(1).  If a Defendant is not brought to trial within seventy days, the indictment "shall be dismissed on motion of the defendant."  18 U.S.C. § 3162(a)(2).

The periods of delay enumerated in 18 U.S.C. § 3161(h) "shall be excluded in . . . computing the time within which the trial of any such offense must commence."  Enumerated delays excluded from the seventy-day rule include: "delay resulting from any pretrial motion, from the filing of the motion through the conclusion of the hearing on, or other prompt disposition of, such motion;" and "delay reasonably attributable to any period, not to exceed thirty days, during

2

which any proceeding concerning the defendant is actually under advisement by the court."  18 U.S.C. § 3161(h)(1)(D), (H).

In determining whether to dismiss the indictment against Defendant with or without prejudice, the Court must consider "the seriousness of the offense; the facts and circumstances of the case which led to the dismissal; and the impact of a reprosecution on the administration of this chapter and on the administration of justice."  18 U.S.C. § 3162(a)(2).  "[N]either dismissal with prejudice or dismissal without prejudice was intended to be the presumptive remedy" for a violation of the Speedy Trial Act."  *United States v. Taylor*, 487 U.S. 326, 327 (1988).

Here, the parties agree that nearly one year of non-excludable delay elapsed and the Government concedes that "the delay in this case has likely violated the Speedy Trial Act."  (Doc. 34 at 2.)  The parties also agree that dismissal should be without prejudice.  (Doc. 33 at 1–2; Doc. 34 at 2.)

Given these facts, the Court finds that a violation of Defendant's rights under the Speedy Trial Act has occurred.  The Court next considers the factors relevant to determining whether the indictment should be dismissed with or without prejudice.

1. **Seriousness of the Offense**

The first factor for the Court to consider is "the seriousness of the offense."  18 U.S.C. § 3162(a)(2).  This factor is not a "mechanical test based upon the [Sentencing] Guidelines," but instead "demands that the gravity of the crime be carefully considered as a factor in deciding whether to dismiss without prejudice."  *United States v. Pierce*, 17 F.3d 146, 149 (6th Cir. 1994).

Here, Defendant is charged with making false statements intended to deceive a firearms dealer to purchase a firearm on behalf of another person.  (Doc. 2 at 1–2.)  The Court notes that making false statements to a firearms dealer in connection with the acquisition of a firearm in

violation of 18 U.S.C. § 922(a)(6) poses a serious risk to the community. While there is no indication of injury resulting from Defendant's alleged actions in this case, the risk of harm weighs toward the seriousness of the offense charged.

The Court finds Defendant's alleged offense is serious, which weighs toward dismissal without prejudice.

### 2. Facts and Circumstances of the Case

The second factor for the Court to consider is "the facts and circumstances of the case which led to the dismissal." 18 U.S.C. § 3162(a)(2). Because "the prosecutor and the court have an affirmative constitutional obligation to try the defendant in a timely manner," "the burden is on the prosecution to explain the cause of the pre-trial delay." *United States v. Graham*, 128 F.3d 372, 374 (6th Cir. 1997) (quotations and citations omitted).

Here, the pre-trial delay is not attributable to the Government. (*See* Docs. 29–31.) The facts and circumstances of this case weigh toward dismissal without prejudice.

### 3. Impact of Reprosecution

The final factor for the Court to consider is the "impact of a reprosecution on the administration of this chapter and on the administration of justice." 18 U.S.C. § 3162(a)(2). "The main considerations that courts have taken into account when examining this factor are whether the defendant suffered actual prejudice as a result of the delay . . . and whether the government engaged in 'prosecutorial misconduct that must be deterred to ensure compliance with the Act.'" *United States v. Howard*, 218 F.3d 556, 562 (6th Cir. 2000) (quoting *Pierce*, 17 F.3d at 149). "The longer the delay, the greater the presumptive or actual prejudice to the defendant, in terms of his ability to prepare for trial or the restrictions on his liberty." *Taylor*, 487 U.S. at 340; *United States*

4

*v. Moss*, 217 F.3d 426, 432 (6th Cir. 2000) (explaining the district court should have considered the defendant's "incarceration and its impact on his life circumstances").

This factor weighs in favor of dismissal without prejudice. Defendant has not identified any "particularized prejudice to his defense" that resulted from the delay in his trial. *See Howard*, 218 F.3d at 562. Additionally, there is no evidence of "bad faith or a pattern of negligence on the part of the government that would warrant dismissal with prejudice for the sake of deterrence." (*Id.*) The Court notes, however, that "[i]nordinate delay between public charge and trial, … wholly aside from possible prejudice to a defense on the merits, may seriously interfere with the defendant's liberty, whether he is free on bail or not, and … may disrupt his employment, drain his financial resources, curtail his associations, subject him to public obloquy, and create anxiety in him, his family and his friends.'" *United States v. Robinson*, 389 F.3d 582, 589 (6th Cir. 2004) (citations omitted). The Court finds that this factor weighs toward dismissal without prejudice, but not heavily.

Applying the Speedy Trial Act factors, the Court finds that each factor weighs in favor of dismissal without prejudice. First, Defendant's alleged false and fictitious written statement to a firearms dealer in connection with the acquisition of a firearm is a serious offense. Second, under the facts and circumstances of this case, the Government is not responsible for the pre-trial delay. Finally, there is no evidence of prosecutorial misconduct or actual prejudice to Defendant resulting from the delay in his trial.

### III. <u>CONCLUSION</u>

For the reasons discussed above, the Court finds that a violation of the Speedy Trial Act has occurred. Accordingly, the Court will **GRANT** Defendant's motion to dismiss (Doc. 32) and the indictment against Defendant (Doc. 2) will be **DISMISSED WITHOUT PREJUDICE**.

5

SO ORDERED.

ENTER:

/s/
**CURTIS L. COLLIER**
**UNITED STATES DISTRICT JUDGE**